UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BOBBI A. WILLIAMS,
              Appellant,

              v.

DEPARTMENT OF THE AIR FORCE,
              Agency.

DOCKET NUMBER
DA-3443-15-0508-I-1

DATE: August 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glen D. Mangum, Esquire, San Antonio, Texas, for the appellant.

Frank A. Posey, Esquire, Randolph Air Force Base, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In 2007, the appellant was converted from a GS-9 Human Resources Specialist to a YA-2 Human Resources Specialist under the National Security Personnel System (NSPS), and in 2010, when the NSPS ended, she was converted to a GS-12 Human Resources Inquiries and Complaints Advisor. She challenged that action to the Board on the theory that her position description was inaccurate and that she should be a GS-13. The administrative judge dismissed her appeal for lack of jurisdiction, finding that she failed to show that she suffered a reduction in grade or pay and that classification matters are not appealable to the Board. *Williams v. Department of the Air Force*, MSPB Docket No. DA-3443-13-0080-I-1, Initial Decision at 3-4 (Jan. 28, 2013). That decision became the Board's final decision when neither party filed a petition for review.

¶3      On March 8, 2015, the appellant's position was reclassified as a Human Resources Specialist, and she was reduced to a GS-9 with 2 years saved grade. Initial Appeal File (IAF), Tab 2 at 28. On June 28, 2015, her position was changed to a GS-12 Human Resources Specialist (Recruitment & Placement). *Id.* at 29.

¶4      In this appeal, the appellant claimed "stifling career progression/promo ops," arguing that she was placed in the wrong series in 2010 causing her to miss out on career advancement and that, although the agency recently had placed her

in the correct series based on an administrative grievance she filed in 2014, that much-delayed action did not make her whole. IAF, Tab 2. She claimed that her reduction in grade to GS-9 was "purely out of retaliation." *Id.* at 8. During a status conference, she indicated that she believed the agency's failure to correct her job series for so long was because of the grievance she had filed. IAF, Tab 8 at 2. The administrative judge advised her that classification actions are not appealable to the Board and of the means by which she could prove that the agency's action constituted a violation of regulations of the Office of Personnel Management (OPM) relating to employment practices, based on her claim that the agency's failure to properly classify her position constituted a violation of merit system principles. *Id.* at 2-5. The administrative judge also issued a separate order on jurisdiction and proof requirements for individual right of action (IRA) appeals. IAF, Tab 9. The agency moved that the appeal be dismissed for lack of jurisdiction and as untimely filed. IAF, Tab 10. In her response, the appellant indicated that, on March 20, 2015, she filed a complaint with the Office of Special Counsel (OSC) in which she argued that her change to the GS-9 position was in retaliation for her having filed the grievance, IAF, Tab 11 at 5, Tab 15 at 8-11, that OSC had acknowledged receipt of her complaint, IAF, Tab 15 at 13, and that the matter was under active consideration, *id.* at 15. She also urged the Board to accept jurisdiction over both her reduction-in-grade claim and her employment practices claim. IAF, Tab 16 at 1-6. She requested a hearing. IAF, Tab 18. Subsequently, the appellant submitted evidence that OSC had first made a preliminary determination to close the file on her complaint, and had then in fact closed the file, affording her rights to appeal to the Board.[2] IAF, Tab 22 at 4‑5, 9-10, 12.

---

[2] OSC provided the same File No., MA-15-3077, in its initial response to the appellant's earlier submission, IAF, Tab 15 at 13, and in its closure letter, IAF, Tab 22 at 12.

¶5    In her initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 23, Initial Decision (ID) at 2, 9.  She first found that the Board lacked jurisdiction over the appellant's complaint regarding the classification of her position, ID at 4, or as an employment practice, ID at 4-7.  As to the latter, the administrative judge found that the appellant's conclusory and generalized allegations that the agency improperly classified her position did not constitute nonfrivolous allegations that the agency or OPM failed to perform an appropriate job analysis or that there existed an employment practice which was discriminatory or bore no rational relationship to the two positions for which she had applied but not been selected. ID at 7.  The administrative judge further found that the Board lacked jurisdiction over the appeal as an IRA appeal because, when the appellant filed her appeal, she had not exhausted her administrative remedy with OSC since OSC had not closed its investigation into her complaint and 120 days had not passed since she filed her complaint.  ID at 7-8.  The administrative judge noted, however, that, during adjudication, the appellant had furnished documentation showing that OSC has now concluded its investigation, and the administrative judge indicated that a separate IRA appeal would be docketed concerning the appellant's claim that her position was downgraded in retaliation for protected activity under 5 U.S.C. § 2302(b)(9).  ID at 8 n.4.

¶6    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition.  PFR File, Tab 3.

¶7    On review, the appellant states that she wishes to file an IRA appeal based on the complaint she filed with OSC.  PFR File, Tab 1 at 2.  In fact, on the day the administrative judge issued her initial decision in this case, she docketed an IRA appeal as she indicated she would, and that matter is currently pending in the Board's Dallas Regional Office.  *Williams v. Department of the Air Force*, MSPB Docket No. DA-1221-16-0307-W-1.

¶8    The appellant does not otherwise challenge the administrative judge's findings regarding the Board's lack of jurisdiction over her claims regarding the classification of her position or employment practices, and we discern no basis upon which to disturb those findings.  *See Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 10 (2012) (finding that the Board lacks jurisdiction to review classification decisions);  *Holse v. Department of Agriculture*, 97 M.S.P.R. 624, ¶ 6 (2004) (determining that an individual agency action or decision that is not a rule or practice does not qualify as an employment practice).

### NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.